NOT FOR PUBLICATION
UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------X

In Re:                                                                    Chapter 13

LAWRENCE & PAGET BERGER,                              Case No.: 12-24891 (MBK)


                              Debtors.
---------------------------------------------------------X

APPEARANCES:

Carol L. Knowlton, Esq.
Teich Groh
691 State Highway 33
Trenton, NJ 08619
Attorney for Debtors, Lawrence and Paget Berger

Carol Ann Slocum, Esq.
Klehr, Harrison, Harvey & Branzburg, L.L.P.
457 Haddonfield Rd
Suite 510
Cherry Hill, NJ 08002
Attorneys for Retained Realty, Inc & Emigrant Mortgage Company, Inc.


**MICHAEL B. KAPLAN, U.S.B.J.**


**MEMORANDUM DECISION**

### I.   INTRODUCTION

This matter is before the Court by way of a Motion to Permit Payment to Emigrant Mortgage and to Grant a First Mortgage to John Quigley ("Motion") filed on behalf of Debtors Lawrence and Paget Berger ("Debtors"). Through their Motion, the Debtors seek to effectuate a post-sheriff's sale redemption of their principal residence. Retained Realty, Inc. ("RRI") and Emigrant Mortgage Company, Inc. ("Emigrant") have objected to the Motion and assert that

Debtors' time to redeem has expired. The parties have extensively briefed the issue and hearings on the Motion were held on October 23, 2012 and November 13, 2012. For the reasons set forth below, Debtors' Motion is DENIED and the Court finds that the redemption period has expired.

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(O). Venue is proper in this Court pursuant to 28 U.S.C. § 1408. The following constitutes the Court's finding of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.[1]

## II.    FACTS/PROCEDURAL HISTORY

Emigrant obtained a final judgment in mortgage foreclosure against the Debtors' real property located at 9 Russell Road, Princeton, New Jersey ("Property") on October 23, 2009. A series of stays and adjournments delayed the Sheriff's sale, which ultimately took place on August 17, 2011. Emigrant assigned its bid to RRI. Following the Sheriff's sale, the Debtors offered to make a payment to RRI, representing either redemption or the reconveyance of the Property to the Debtors. RRI rejected the offer and the Debtors filed an Order to Show Cause in Superior Court seeking, among other things, to vacate the sale and allow the Debtors to redeem the Property. On April 16, 2012, The Superior Court extended the redemption deadline to April 27, 2012. The Court established the redemption amount as $557,365.20 if the Debtors redeemed by April 27, 2012. By agreement of the parties, that deadline was extended to June 11, 2012.

On June 11, 2012, the deadline for the extended redemption period, the Debtors filed for bankruptcy. Sixty days thereafter, the Debtors filed the present Motion seeking to permit

---

[1] To the extent that any of the findings of fact might constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

payment to Emigrant and granting a first mortgage to John Quigley as part of the refinance arrangement. The issues before the Court are (1) whether the Motion filed by the Debtors on August 13, 2012 tolled the expiration of the redemption period under 11 U.S.C. § 108(b); and (2) whether the Debtors should be allowed to redeem the Property because their confirmed Chapter 13 Plan ("Plan") provided for redemption by payment to Emigrant within sixty days of the bankruptcy filing. For the reasons set forth below, the Court determines that the Debtors are not entitled to an extension of the redemption period. The Debtors' motion is DENIED.

### III.    EXTENSION OF REDEMPTION PERIOD

Section 108 of the Bankruptcy Code addresses extension of time. Pursuant to 11 U.S.C. § 108(b):

> …if an applicable non bankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor…may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of
> (1) The end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> (2) 60 days after the order for relief.

11 U.S.C. § 108(b). The Debtors do not dispute that the sixty day period has lapsed. Rather, the Debtors assert that the Court has the authority to extend the sixty day period. Initially, the Debtors contended that by filing the Motion prior to the expiration of the sixty day period, the Debtors could still take advantage of the tolling provisions of 11 U.S.C. § 108(b). This argument ignores the clear and unambiguous text of the statute which requires *performance* prior to the expiration of the sixty day period. Performance in this matter necessarily means effectuation of a redemption, which requires tender of the full amount of the Court-fixed redemption amount. This was not accomplished timely by the Debtors. The Court is cognizant that the Debtors

3

needed Court approval for the financing necessary to redeem the Property; however, filing the Motion can be viewed only as a single step toward full performance under 11 U.S.C. § 108(b). Tender of the redemption amount in full remains a critical element. In sum, 11 U.S.C. § 108(b) requires that the Debtors obtain court approval and tender the redemption amount within the sixty day period. The time pressures facing the Debtors are of no moment. The Debtors had the option of pursuing the Court's *imprimatur* on shortened notice if the funds were available to them.

The Debtors cite to a number of cases from other jurisdictions in which courts have extended the statutory period of redemption where there exists fraud, mistake, accident or erroneous conduct on the part of the foreclosing officer. *See In re Kjeldahl*, 52 B.R. 916, 923 (D.Minn.1985)(citing *Johnson v. First National Bank of Montevideo*, 719 F.2d 270, 275 (8th Cir. 1983)); *see also In re 210 Roebling*, LLC, 336 B.R. 172 (Bankr.E.D.N.Y. 2005); *In Re Martinson*, 26 B.R. 648, 654 (D.C.D.N.D. 1983); *Matter of Markee*, 31 B.R. 429, 432 (Bankr. D.Idaho 1983); *In Re James*, 20 B.R. 145, 150-1 (Bankr. E.D. Mich. 1983); *In Re Headley*, 13 B.R. 295, 297-98 (Bankr. D.Colo. 1981). Indeed, the Third Circuit, like the majority of circuit courts, has recognized that the equitable powers afforded under 11 U.S.C. § 105 could be used to toll the running of an extension period. *See In re Farmer*, 81 B.R. 857 (Bankr.E.D.Pa. 1988)(recognizing that the Court could exercise its equitable powers in circumstances evidencing fraud, mistake or erroneous conduct on the part of the foreclosing officer). However, in the case at bar, the Court cannot find such exceptional circumstances which would warrant any extension of the redemption period.

The Debtors assert that Emigrant engaged in erroneous conduct which prevented the Debtors from redeeming the Property. The Debtors further explain that Emigrant failed to

deliver to the Debtors an exact redemption amount which, counsel for the Debtors asserts, would have allowed the Debtors to "seek an exact amount of money and redeem the property within the timeframe." *Debtors' Letter Brief*, Docket Entry No. 29, *3. However, the record before the Court indicates otherwise. While there may have been some miscommunication between counsel as to what the exact redemption amount was at a given moment, the Court cannot find that there was improper conduct by either party. The redemption amount fixed by the state court was clear and served to give sufficient notice to the Debtors of the amount necessary to retain their residence. Further, the Debtors' own briefing indicates that at the time of the filing of this motion they did not have sufficient funds to redeem. Although the Debtors ultimately certified that they had enough money to pay the amount claimed to be due as of October 19, 2012 ($600,967.55), the parties were unable to reach an agreement despite extensive settlement negotiations. *Supplemental Certification of Lawrence Berger*, Docket Entry No. 33 at 2. Given the above, the Court cannot find that the Debtors' inability to redeem was due to any failure or error on the part of the mortgagee.

In addition, as pointed out by RRI, courts in the Third Circuit have recognized limits to the equitable powers afforded by 11 U.S.C. § 105. Courts in other circuits have discussed those limits within the specific context of redemption and the prevailing majority view is that "the right to redeem is a property right and to extend the time to exercise that right under 11 U.S.C. § 105(a), absent exceptional circumstances, would enlarge a debtor's property rights beyond those specifically set forth by state law and by Congress under § 108(b)." *In re 210 Roebling*, LLC, 336 B.R. at 176; *see also The Fed. Land Bank of Louisville v. Glenn (In re Glenn),* 760 F.2d 1428, 1441 (6th Cir.1985); *Johnson v. First Nat'l Bank of Montevideo Minn.,* 719 F.2d 270, 274 (8th Cir.1983); *In re Farmer*, 81 B.R. at 862. This Court regards the majority position as

persuasive and determines that extending the redemption period in circumstances such as those present in this case would impermissibly broaden the assistance rendered to a debtor under 11 U.S.C. § 108 and exceed the scope of the Court's authority under 11 U.S.C. § 105.

### IV. EFFECT OF CONFIRMATION OF DEBTOR'S PLAN

The Court next turns to Debtors' argument that redemption of the Property should be permitted on the basis of the terms of the Debtors' confirmed Plan. The Debtors submit that confirmation of the Plan, which provided for redemption of the property, is binding upon the Debtors and all creditors, including Emigrant and RRI. The Debtors point out that Emigrant did not object to confirmation. In addition, the Debtors contend that the confirmed plan is *res judicata* as to the issue currently before the Court. *In re Szostek*, 886 F.2d 1405, 1408 (3d Cir. 1989)("[u]nder §1327, a confirmation order is *res judicata* as to all issues decided or which could have been decided at the hearing on confirmation.").

However, as Emigrant and RRI note, the Debtors failed to redeem the property within sixty days of the filing date as prescribed by the Plan. Therefore, the Debtors failed even to implement their own Plan. The Debtors do not point to any case law or extenuating circumstances which persuade this Court that merely confirming a Plain which provides for redemption, without timely effectuating same, entitles the Debtors to an extension of the redemption period or somehow affords them an additional right to redeem.

### V. CONCLUSION

By failing to tender the redemption amount within the sixty days afforded to them by 11 U.S.C. § 108(b) the Debtors have forfeited the right to redeem the Property. There do not exist

any exceptional circumstances in this case which would warrant an extension of the time period prescribed under 11 U.S.C. § 108(b). Further, the mere fact that the Debtors' Plan was confirmed without having been consummated has no bearing on whether they are entitled to an extension of the redemption period. Accordingly, the Court denies the Debtors' motion. Counsel for Chase is directed to submit a form of Order consistent with this Opinion.

Dated: November 29, 2012

　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Michael B. Kaplan
　　　　　　　　　　　　　　　　　　　　　　　　　　Honorable Michael B. Kaplan
　　　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge